IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02229-LTB-RTG

RODNEY DOUGLAS EAVES,

      Applicant,

v.

MOSES "ANDRE" STANCIL, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Richard T. Gurley, United States Magistrate Judge**

This matter comes before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1)[1] filed *pro se* by Applicant, Rodney Douglas Eaves, on May 21, 2026. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 6).

The Court must construe the Application and other papers filed by Mr. Eaves liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

---

[1] "(ECF No. 1)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

1

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. It is respectfully recommended that the Application be denied and the action be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Eaves is a prisoner in the custody of the Colorado Department of Corrections. He challenges the validity of his convictions and sentence in El Paso County District Court case number 15CR1188, claiming he was denied counsel and/or counsel was ineffective (claim one), he was denied counsel at sentencing (claim two), he was denied counsel on direct appeal (claim three), and he was denied a direct appeal (claim four). As relief he seeks either a fair trial with competent counsel or a new direct appeal with competent counsel.

Mr. Eaves concedes that he previously filed a habeas corpus action in the District of Colorado pursuant to 28 U.S.C. § 2254 challenging the judgment of conviction in El Paso County District Court case number 15CR1188. *See Eaves v. CDOC*, No. 18-cv-02619-CMA (D. Colo. Nov. 5, 2019), *appeal dismissed*, 803 F. App'x 185 (10th Cir. 2020). Case number 18-cv-02619-CMA was dismissed on the merits. Mr. Eaves also concedes that he filed a second prior habeas corpus action that was dismissed as second or successive. *See Eaves v. Stancil*, No. 24-cv-02710-LTB-RTG (D. Colo. Jan. 15, 2025), *appeal dismissed*, No. 25-1062, 2025 WL 1562478 (10th Cir. June 3, 2025).

On May 22, 2026, the Court ordered Mr. Eaves to show cause why this action should not be dismissed for lack of jurisdiction because he has not obtained

authorization to file a second or successive application. On June 8, 2026, Mr. Eaves flied "Applicant's Response on the Order to Show Cause as Not Successive Under the Weathersby Exception" (ECF No. 4).

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), an applicant seeking habeas corpus relief must apply to the appropriate court of appeals for an order authorizing a district court to consider a second or successive application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). Without such authorization, a district court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id*. at 1251. To obtain authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254, the applicant must demonstrate he is asserting a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," 28 U.S.C. § 2244(b)(2)(B).

Mr. Eaves does not allege that he has obtained authorization to file a second or

successive application.[2]  Instead, he argues authorization is not required because he is

asserting claims for which state court remedies were not exhausted when case number

18-cv-02619-CMA was dismissed on the merits. According to Mr. Eaves, his claims in

this action were not ripe until state court remedies were exhausted in February 2026.

Mr. Eaves is correct that no authorization is necessary for a claim that did not

ripen "until after the conclusion of the previous petition." *In re Weathersby*, 717 F.3d

1108, 1111 (10th Cir. 2013 (per curiam) (internal quotation marks omitted). But the

holding in *Weathersby* is not applicable to claims that were merely unexhausted at the

time of the initial habeas petition. *See Burton v. Stewart*, 549 U.S. 147 (2007) (per

curiam) (holding that second-in-time habeas petition asserting claims that were not

exhausted when the first petition challenging the same judgment was filed and resolved

on the merits is second or successive and requires authorization). And, in fact, Mr.

Eaves concedes in his request for authorization to file a second or successive

application captioned for filing in the Tenth Circuit that "[w]hile researching case law to

show cause why [this case] should be accepted, [he] realized that it does not matter if

his previous claims were unexhausted, he must still have permission from [the Tenth

Circuit] in order to file a successive application even if it is legally not successive." (ECF

No. 4 at p.6.)

For these reasons, the Court concludes that the Application is a second or

---

[2]  Notably, Mr. Eaves attaches to his show cause response a copy of a document captioned "Permission to File a Second or Successive § 2254 Application" that he apparently has filed in the Tenth Circuit seeking permission to file this action. (*See* ECF No. 4 at pp.6-7.)

successive application. Therefore, the Court must either dismiss the Application for lack

of jurisdiction or, if it is in the interest of justice, transfer the Application to the Tenth

Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. If "there is no risk

that a meritorious successive claim will be lost absent a § 1631 transfer, a district court

does not abuse its discretion if it concludes it is not in the interest of justice to transfer

the matter." *Id.*

The claims Mr. Eaves asserts do not even arguably fall within § 2244(b)(2)(A) or

(B). That is, he is not asserting a claim premised on "a new rule of constitutional law,

made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable," § 2244(b)(2)(A); or any claim for which the factual predicate

"could not have been discovered previously through the exercise of due diligence" and

"the facts underlying the claim, if proven and viewed in light of the evidence as a whole,

would be sufficient to establish by clear and convincing evidence that, but for

constitutional error, no reasonable factfinder would have found the applicant guilty of the

underlying offense," § 2244(b)(2)(B). Therefore, the Court finds that a transfer is not in

the interest of justice. *See Cline*, 531 F.3d at 1252. Instead, the Court will recommend

that the Application be denied for lack of jurisdiction.

## II. RECOMMENDATION

For the reasons set forth herein, it is respectfully

RECOMMENDED that the Application for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2254 (ECF No. 1) be denied and the action be dismissed for lack of

jurisdiction.[3]

DATED June 30, 2026.

BY THE COURT:

_____

Richard T. Gurley
United States Magistrate Judge

---

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).